LITTON INDUSTRIES, INC., Plaintiff,

v.

LEHMAN BROTHERS KUHN LOEB
INCORPORATED, et al.,
Defendants.

No. 86 Civ. 6447 (JMC).

United States District Court,
S.D. New York.

Feb. 14, 1990.

---

## ORDER

NINA GERSHON, United States
Magistrate:

Plaintiff seeks the deposition of Barry Fallick, Esq. for the sole purpose of ascertaining from Fallick the whereabouts of Fallick's client, Brian Campbell, whom plaintiff wishes to depose as a non-party witness. Fallick has indicated to plaintiff that, if deposed, he will assert, on behalf of Campbell, the attorney-client privilege as to the information sought. Accordingly, by agreement, the issue of the applicability of the privilege has been presented to me by motion.

While the attorney-client privilege is afforded the highest respect, it does not protect all communications between an attorney and a client. As recently expressed by the Court of Appeals for the Second Circuit in *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir.1989):

> The relationship of attorney and client, a communication by the client relating to the subject matter upon which professional advice is sought, and the confidentiality of the expression for which the protection is claimed, all must be established in order for the privilege to attach. *Re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032 (2d Cir.1984).

Thus, it is settled that "the identity of a client, or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose, even though the fact of having retained counsel may be used as evidence against the client." *Colton v. United States*, 306 F.2d 633, 637 (2d Cir.1962), *cert. denied*, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). Similarly, information regarding the client's fees to the lawyer are normally not protected by the attorney-client privilege, even where the information may be used against the client in a criminal case. *In re Grand Jury Subpoena Duces Tecum Served Upon Gerald L. Shargel, Esq. v. United States*, 742 F.2d 61, 63 (2d Cir.1984). The common theme of cases such as these is that the client is not entitled to shield information which the client has provided to the attorney not in confidence, as the factual basis for the request for legal advice, but only as incidental to the establishment of the relationship.

"It might be thought, with some reason, that the rationales underlying these decisions would generally serve to compel disclosure of a client's address and telephone number. This information could be viewed as simply a further detail relating to the client's identification received at the threshold of the attorney-client relationship and therefore not yet within the embrace of confidentiality." *In re Stolar*, 397 F.Supp. 520, 524 (S.D.N.Y.1975). Put another way, "As with a client's identity, it may be only in rare instances that this information [the client's address] will be protected." *Matter of Grand Jury Subpoenas Served Upon Field*, 408 F.Supp. 1169, 1173 (S.D.N.Y.1976).

In *Field* and *Stolar*, the court found exceptional circumstances justifying the sustaining of a claim of privilege as to the client's address. In *Field* the court found that "the address [was] communicated for the specific purpose of receiving legal advice and the address itself [was] at the heart of the advice sought...." *Field, supra*, 408 F.Supp. at 1173. Specifically, the client's whereabouts were communicated to the lawyer in confidence "precisely because he sought advice with respect to that very matter", *i.e.*, whether he should change his residence, and he communicated to the lawyer in confidence that he had changed his residence to one of the jurisdictions researched by the lawyer. *Id.* Similarly, in *Stolar* the court found that the address "was communicated to the attorney confidentially and solely for the purpose of receiving legal advice" as to whether the client had a legal obligation to appear for questioning by the FBI, and found further that the client "had a legitimate basis to expect that such information disclosed to his attorney was made in confidence and would not be revealed." 397 F.Supp. at 524. The court went on to note that, "Legal advice that an individual may decline to be interviewed by the FBI will hardly be meaningful if the attorney at the behest of the FBI may then be compelled to disclose the very information which the client has legally sought to conceal." *Id.* Thus, in each case, the court was presented with a specific showing of the facts from which it could conclude that the client's whereabouts were communicated to the lawyer in confidence for the very purpose of obtaining legal advice with regard to the client's location.

Here, in contrast, the sole support for the claim of privilege is the statement in the lawyer's affidavit that, "At the time of Campbell's communications to your deponent, a civil action was threatened by the [Securities and Exchange Commission] and the communications concerning his address were matters having to do with that action." Fallick Afft. ¶ 7. This cryptic and conclusory statement does not suffice to take this case out of the general rule that information which identifies a client is un-

protected by the attorney-client privilege. There is no evidence that the client's address was provided in confidence or that treating the information as confidential is justified because it was related to the legal advice requested.

Accordingly, plaintiff's motion to compel the deposition of Fallick is granted.

SO ORDERED.